## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

TEDRICK MARTIN                                                             PLAINTIFF

v.                                              CIVIL ACTION NO. 2:10-CV-268-KS-MTP

WAL-MART STORES, INC., et al.                                          DEFENDANTS

### ORDER

For the reasons stated below, the Court **denies** Defendant's Motion to Strike [77] the affidavit of George Jamison attached to Plaintiff's response to Defendant's *Daubert* motion.

Plaintiff's deadline to designate his expert witnesses was September 1, 2011 [29]. Accordingly, Plaintiff designated George Jamison as an expert witness on August 29, 2011 [34], and provided Defendant with Jamison's report [34-1]. On October 7, 2011, Plaintiff filed a supplemental designation [42] which included Jamison's supplemental report [42-1]. On November 14, 2011, Plaintiff filed his response [69] to Defendant's motion to exclude [52] Jamison's testimony. Plaintiff attached an affidavit from Jamison [69-1] as an exhibit to the response. Defendant argues that the Court should strike the affidavit because Plaintiff failed to timely disclose the information within it.

The Court possesses broad, substantial discretion in discovery-related matters. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996). Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . ." FED.

R. CIV. P. 26(a)(2)(B). The report must contain the following:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)    the facts or date considered by the witness in forming them;

(iii)   any exhibits that will be used to summarize or support them;

(iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and

(vi)   a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i)-(vi). "A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D).[1] Local Rule 26 provides that a "party must make full and complete disclosure as required by FED. R. CIV. P. 26(a) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2).

Additionally, "[t]he parties must supplement these disclosures when required under Rule 26(e)." FED. R. CIV. P. 26(a)(2)(E). "[A] party is required to supplement its expert disclosures if the court so orders or if 'the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Sierra Club*, 73 F.3d at 57 n. 42 (quoting FED. R. CIV. P. 26(e)(1)). "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any

---

[1]The Advisory Committee's Notes to Rule 26 of the Federal Rules of Civil Procedure provide that expert witnesses "must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." FED. R. CIV. P. 26 advisory committee's note; *see also Sierra Club*, 73 F.3d at 571. "These Notes also explain that the purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former rule." *Sierra Club*, 73 F.3d at 571.

additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). While Rule 26(a)(3) provides that pretrial disclosures must be made at least thirty days before trial, it adds the following caveat: "[u]nless the court orders otherwise . . . ." FED. R. CIV. P. 26(a)(3). Local Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under FED. R. CIV. P. 26(e) and *in no event later than the discovery deadline* established by the case management order." L.U.Civ.R. 26(a)(5) (emphasis added).

Plaintiff's expert designation deadline was September 1, 2011. If he desired to supplement Jamison's report, the supplement was due on or before October 17, 2011, the discovery deadline. *Id.* However, Plaintiff did not have a duty to supplement Jamison's report if the opinions or information were otherwise made known to Defendant during the discovery process. FED. R. CIV. P. 26(e)(1). Indeed, Rule 26(e)(1)'s caveat that a party does not have a duty to supplement if the information is "otherwise made known" to the opposing party is echoed in Fifth Circuit case law. When deciding whether to exclude expert testimony for a party's failure to disclose it, the Court considers the following factors: "(1) the explanation for the failure . . . ; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *see also EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993).

Plaintiff argues that Jamison's affidavit merely explains information pertaining to his qualifications and the basis of his opinions which was already disclosed in his expert reports.[2] In

---

[2]Plaintiff also argues that he timely supplemented Jamison's expert report, as the supplemental report was filed on October 4, 2011. Plaintiff apparently misunderstood the relief sought by Defendant in its Motion to Strike [77]. Defendant does not challenge the timeliness of

Plaintiff's first designation [34] of Jamison – which was timely provided to Defendant –  Plaintiff represented that Jamison was an "expert in the area of packing, shrink wrapping and moving merchandise/inventory," and that he expected Jamison to testify "on the standard of care for safely using shrink wrap to pack, stack and move merchandise, Wal-Mart's breach of the standard of care and the causal connection between Wal-Mart's breaches of the standard of care and the subject accident."

In the report attached to the designation, Jamison represented that he had been employed with United Parcel Service ("UPS") for twenty-four years, and that he had been an "operations auditor" for the past fourteen years. Jamison stated that he was "responsible for auditing all packaging and damages to packing." He further stated that he had "personally loaded and unloaded trailer and trucks with merchandise using shrink wrap." Jamison expressed his opinion that Defendant breached its applicable standard of care in the following manner:

> (1) the shrink wrap was too weak for the amount of weight or merchandise that was loaded onto the pallet jack, or (2) the weight of merchandise was over the limit for the particular shrink wrap being used and (3) the employee pulling the pallet jack failed to adequately warn Mr. Martin of his approach with either a "safety beeper" or a "blowing of the horn."

Finally, Jamison stated that Defendant may have failed to follow its own policy and procedures for loading and use of a pallet jack around customers.

On October 7, 2011, Plaintiff filed a timely supplemental designation [42] for Jamison. Therein, Plaintiff listed the same subject matter for Jamison's testimony and represented that Jamison would review any additional discovery materials that may become available as the case

---

Plaintiff's disclosure of Jamison's supplemental report [42-1]. Rather, Defendant challenges the timeliness of Jamison's affidavit [69-1] in support of Plaintiff's response to Defendant's *Daubert* motion.

4

progressed. In Jamison's supplemental report [42-1], he listed the same qualifications as in his previous report. However, he listed additional facts – presumably derived from depositions of Defendant's employees – and a modified list of opinions. Jamison's first two opinions, which pertained to the strength of the shrink wrap and the weight of the merchandise, were the same as in his first report. However, Jamison additionally opined that:

> Wal-Mart employee Jamier Dawkins was grossly negligent in ignoring crushed boxes which formed the base of the load and pulling the pallet jack near customers. Mr. Dawkins should have sought management's assistance in determining the load's stability and upon further examination, the crushed boxes should have been removed and the load re-stacked.

Finally, Jamison modified his previous opinion regarding Defendant's employee's failure to warn Plaintiff. In addition to suggesting the use of a "safety beeper" or blowing a horn, Jamison suggested that Defendant's employee could have asked Plaintiff "to move out of the danger zone in case of load collapse."

On November 14, 2011 – almost a month after the discovery deadline had passed – Plaintiff filed the affidavit from Jamison [69-1] which is the subject of the present motion. Therein, Jamison provided substantially more detail as to the experience he has gained through his employment with UPS. He explained his daily duties and how they provide him with insight as to the stacking, wrapping, and loading actions at issue in this case. Jamison further explained how the video of the subject accident, depositions of Defendant's employees, and Defendant's policies supported his opinion that Defendant's employee improperly wrapped, loaded, and moved the merchandise which fell on Plaintiff. In short, the affidavit contains substantially more detail than either of Jamison's previous two reports.

The Court agrees with Defendant that the affidavit contains the type of "detailed and

complete" information that should have been in Jamison's two timely expert reports. *Sierra Club*, 73 F.3d at 571. Indeed, it would be fair to describe Jamison's first two reports as "sketchy and vague" in comparison with the affidavit – the very type of disclosures Rule 26 was intended to prevent. *Id.* Neither party has provided the Court with evidence that Defendant was made aware of the information in the affidavit in some other manner. Accordingly, Plaintiff was required to supplement Jamison's expert report with the information contained in the affidavit by the discovery deadline. L.U.Civ.R. 26(a)(5); FED. R. CIV. P. 26(e)(1).

Plaintiff has not explained his failure to timely supplement Jamison's reports, despite the importance of the information to his case. The information in the affidavit comprises the substance of Jamison's testimony: the full explanation of his work experience and the basis of his opinions. Nevertheless, Defendant has not pointed out any way in which it would be prejudiced by the Court allowing Jamison's testimony and considering the affidavit as it addresses the *Daubert* motion. Furthermore, there is enough time before trial for Defendant to depose Jamison if it wishes to cure whatever prejudice may have resulted from Plaintiff's failure to timely disclose the testimony.

The Court **denies** Defendant's Motion to Strike [77] Jamison's affidavit. Although Plaintiff clearly failed to comply with his Rule 26 obligations, Defendant has failed to demonstrate that it has been or will be prejudiced as a result of that failure. In fact, Defendant did not even argue that it has been prejudiced. Nonetheless, Defendant may depose Jamison outside the discovery period, if it wishes to do so. That will cure whatever prejudice may exist as a result of Plaintiff's failure to comply with his discovery obligations. The Court strongly encourages the parties to conduct the deposition at the earliest possible date, though, to ensure that this matter stays on track for its trial date of March 5, 2012.

Additionally, the Court advises all counsel of record to pay closer attention to their disclosure obligations under the Federal Rules of Civil Procedure and the Local Rules – particularly with respect to expert testimony. Within the past several months, the Court has addressed at least two other cases where counsel failed to timely disclose the opinions of a proposed expert witness. *Riley v. Ford Motor Co.*, No. 2:09-CV-148-KS-MTP, 2011 U.S. Dist. LEXIS 82799 (S.D. Miss. July 27, 2011); *Elliot v. Amadas Indus.*, No. 2:10-CV-2-KS-MTP, 2011 U.S. Dist. LEXIS 26662 (S.D. Miss. Mar. 1, 2011). Expert testimony often forms the backbone of a party's case at trial. It is a powerful form of evidence, as evidenced by this Court's duty to assess both the qualifications of a proposed expert and the reliability of his or her opinion. An attorney's failure to pay heed to the special disclosure requirements applicable to expert witnesses could have dire consequences for his or her client's case.

SO ORDERED AND ADJUDGED this 19th day of December, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE