IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TEDRICK MARTIN**     **PLAINTIFF**

v.     **CIVIL ACTION NO. 2:10-CV-268-KS-MTP**

**WAL-MART STORES, INC., et al.**     **DEFENDANTS**

### ORDER

For the reasons stated below, the Court presently **denies** Defendant's Motion to Exclude [52] the expert testimony of George Jamison.

### I. BACKGROUND

This is a personal injury action stemming from an accident that occurred at a Wal-Mart in Hattiesburg, Mississippi. Plaintiff was a customer of the store. As he walked down an aisle, a Wal-Mart employee attempted to pull a pallet jack around him. The pallet jack was loaded with a shrink-wrapped stack of frozen food, which collapsed, striking Plaintiff in the process. Plaintiff subsequently filed the present action, claiming that he suffered numerous injuries, loss of wages, and extensive medical expenses as a result of Defendant's negligence.

Plaintiff designated George Jamison as an expert witness on August 29, 2011 [34]. Plaintiff later provided a supplemental expert report from Jamison [42]. On October 31, 2011, Defendant filed a Motion to Exclude [52] portions of Jamison's expert testimony. In response, Plaintiff provided an affidavit from Jamison [69]. Defendant filed a Motion to Strike [77] the affidavit for Plaintiff's failure to timely disclose the information within it, but the Court denied [93] Defendant's motion on the basis that Defendant had failed to show that it would be prejudiced by the Court allowing Jamison's testimony despite Plaintiff's failure to timely disclose it. Accordingly,

Defendant's *Daubert* motion [52] is ripe for review.

## II. DISCUSSION

*A.     Qualification*

First, Defendant argues that Jamison's testimony should be excluded because Plaintiff failed to demonstrate that he is qualified to offer expert testimony. The Federal Rules of Evidence allow a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" to offer expert testimony. FED. R. EVID. 702. "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). A proposed expert does not have to be "highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.*

In the present case, Plaintiff presented evidence that Jamison has worked for United Parcel Service ("UPS") for approximately twenty-four years. For the first ten years of his career, he personally shrink-wrapped and loaded merchandise for shipping. For the last fourteen years of his career, he has worked as an operations auditor, personally inspecting shrink-wrapped packages to ensure that loads are secure for shipment. He also inspects damaged packages, to determine how they were damaged during shipment. This practical work experience is sufficient to qualify him as an expert witness in the realm of packaging, stacking, and moving packages. *See United States v. Griffith*, 118 F.3d 318, 323 (5th Cir. 1997) (DEA agent with eight and a half years of experience was qualified as an expert on drug trafficking); *Satcher v. Honda Motor Co.*, 52 F.3d 1311, 1317 (5th Cir. 1995) (proposed expert who was on police motorcycle squad for nine years was qualified as an expert on lower leg protection in products liability case involving motorcycle design); *United States*

*v. Chappell*, 6 F.3d 1095, 1100 (5th Cir. 1993) (bank's assistant security officer was qualified as an expert in the field of detecting counterfeit checks because of his years of experience). Accordingly, the Court rejects Defendant's argument that Jamison is not qualified to offer expert testimony. His extensive work history with UPS endows him with specialized knowledge and experience that will help the jury understand the evidence and determine facts in issue.

*B.     Reliability*

Second, Defendant argues that portions of Jamison's testimony should be excluded because they are not supported by sufficient facts. Defendant listed numerous opinions from Jamison's expert reports and argued that there is insufficient evidence in the record to support them. Accordingly, Defendant argues that the opinions at issue were based on nothing but speculation and conjecture. Indeed, the record contains little evidence to support Jamison's bare reports [34-1, 42-1] and his affidavit [69-1]. Plaintiff presented the witness statement prepared by Jamier Dawkins – the Wal-Mart employee involved in the subject accident. He also presented a photograph of the accident scene and a copy of Wal-Mart's loading policy. However, the following items are conspicuously absent from the record: 1) detailed testimony from Dawkins regarding the accident and his actions surrounding it; 2) the UPS policies and procedures upon which Jamison purportedly relied in forming his opinions; 3) Jamison's explanation of how the previously mentioned UPS procedures should be applied to the present case; 4) Jamison's explanation of the source(s) and contours of the standard of care which he claims Defendant violated; 5) evidence as to the materials utilized by Defendant in shrink-wrapping, stacking, and moving pallets of merchandise; 6) evidence as to the weight of the merchandise on the pallet jack; and 7) Jamison's explanation of why the shrink-wrap utilized by Defendant was insufficient to bear the weight of the merchandise on the pallet.

The Federal Rules of Evidence require that expert testimony be "based upon sufficient facts or data." Fed. R. Evid. 702(a). Accordingly, parties are required to produce a written report which contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B). As the Court previously noted in its Order denying Defendant's Motion to Strike Jamison's affidavit, Plaintiff failed to provide Defendant with a complete, detailed report from Jamison as required by Rule 26. It is now even more apparent to the Court that Plaintiff's disclosures have been woefully inadequate. If the Court were to presently assess the admissibility of Jamison's testimony, large portions of it would likely be excluded for Plaintiff's failure to disclose the facts, data, and/or methodology underlying it.

Nonetheless, the Court can not say with confidence that there is no reliable basis for Jamison's opinions or that they are based upon nothing by conjecture and speculation. At this juncture, it seems equally likely – or even probable – that Plaintiff simply failed to comply with his Rule 26 disclosure obligations.[1] In that respect, the Court believes that Defendant's motion is more aptly examined under the Rule 26 principles outlined in its previous order than under *Daubert*.

Plaintiff plainly failed to provide a sufficient expert's report from Jamison. When deciding whether to exclude expert testimony for a party's failure to disclose it, the Court considers the following factors: "(1) the explanation for the failure . . . ; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such

---

[1] Without any intention of exonerating Plaintiff for his wholesale failure to comply with Rule 26's disclosure obligations, the Court notes that Defendant could have deposed Jamison if it wished to do so. The Court does not know why Defendant did not depose him. In any case, it is immaterial to the Court's decision.

prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Plaintiff has not provided any explanation for his failure to comply with his disclosure obligations, despite the importance of Jamison's testimony to his case. Admitting the testimony with the record in its current state would assuredly prejudice Defendant, as Defendant would have little notice of what Jamison intended to testify at trial. However, as the Court noted in its previous order, there is sufficient time to cure any prejudice that may exist. Therefore, Plaintiff's failure may ultimately turn out to be harmless.

Accordingly, the Court presently **denies** Defendant's Motion to Exclude [52] Jamison's testimony. Plaintiff shall, before January 15, 2012, provide Defendant with a complete, detailed report from Jamison outlining his opinions and their basis. The Court's discussion above and the briefing on the present motion should be more than sufficient to demonstrate the type of information typically included in such reports. Furthermore, Plaintiff must make Jamison available for a deposition on or before February 1, 2012. This will provide Defendant an opportunity to fill the gaps in Jamison's reports, curing whatever prejudice may exist because of Plaintiff's failure to comply with Rule 26. The Court warns Plaintiff that if he fails to cure the deficiencies in his disclosures, any future motions to exclude Jamison's testimony may be viewed more favorably. There are also a wide variety of sanctions which the Court may impose for a party's failure to meet Rule 26's disclosure requirements. FED. R. CIV. P. 37(c)(1).

### III. CONCLUSION

For the reasons stated above, the Court presently **denies** Defendant's Motion to Exclude [52] the testimony of George Jamison. Plaintiff shall provide Defendant with a complete, detailed expert's report from the proposed expert, George Jamison, on or before **January 15, 2012**.

Additionally, Plaintiff must make Jamison available for a deposition on or before **February 1, 2012**, if Defendant so desires. If Defendant then wishes to challenge Jamison's testimony, it may file such a motion, despite the fact that the motions deadline has passed.

Plaintiff's compliance with this order shall be deemed as satisfaction of the Court's Order [93] of December 19, 2011. Plaintiff's failure to comply with this order may result in sanctions, including but not limited to the exclusion of Jamison's testimony and the imposition of Defendant's costs and fees necessitated by Plaintiff's failure to comply with Rule 26. In light of the looming pretrial conference and trial date, the Court will strictly scrutinize any requests for extensions of the above deadlines.

SO ORDERED AND ADJUDGED this 20th day of December, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE